**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DAREN DANZY,** | |
| *Plaintiff,* | |
| v. | Case No. 17-cv-02083-RCL |
| **IATSE LOCAL 22**, *et al.*, | |
| *Defendants.* | |

## MEMORANDUM OPINION

Plaintiff Daren Danzy, proceeding *pro se*, has sued the defendant International Alliance of Theatrical Stage Employees Local 22 ("Local 22") and three individual defendants for racial discrimination. The case was referred to Magistrate Judge Robin Meriweather for the management and resolution of all discovery-related issues. ECF No. 40. Now, plaintiff objects to three of Magistrate Judge Meriweather's orders: (1) the denial of plaintiff's subpoena duces tecum requests for Ford's Theatre, the John F. Kennedy Center ("Kennedy Center"), and Wolf Trap Performing Arts Center ("Wolf Trap"); (2) the denial of plaintiff's motion to issue new personal subpoenas as opposed to "stale 2019 subpoenas"; and (3) the denial of plaintiff's leave to file additional discovery beyond the scheduling order. *See* ECF Nos. 97, 110 & 111. All of plaintiff's motions objections his requests for subpoenas. Because plaintiff fails to show that any of these three orders are clearly erroneous or contrary to law, the Court will not modify or set aside any of these orders and each of plaintiff's motions will be **DENIED**.

## I. BACKGROUND

Judge Meriweather has extensively detailed the factual background of this case, *see* ECF No. 68, so the Court will quickly summarize here. Defendant Local 22 is the local union of the

1

International Alliance of Theatrical Stage Employees ("IATSE"). *Id.* at 1. Plaintiff is an African-American male in his forties who "worked as a stagehand and received employment referrals through Local 22's referral system." *Id.* at 2. In 2017, plaintiff was involved in a physical altercation with another Local 22 stagehand at the Washington D.C. Convention Center that "put [that stagehand] on the pavement of the loading dock." *Id.* at 3; ECF No. 18 ¶ 29. After a disciplinary hearing in front of Local 22 about the incident, plaintiff was suspended from the Local 22 referral system for one year. *Id.* Six months after the disciplinary hearing, plaintiff filed this suit alleging racial discrimination claims against both Local 22 and three individual Local 22 officers and employees. *Id.* Plaintiff is proceeding *pro se*.

The undersigned issued a scheduling order that required all discovery to be completed by November 26, 2019. ECF No. 35. Each party was limited to five depositions, twenty-five interrogatories, twenty-five document requests, and twenty-five requests for admission. *Id.* The Court then referred the case to a magistrate judge to resolve all discovery-related issues. ECF No. 40. Magistrate Judge Meriweather was randomly assigned. Judge Meriweather later extended discovery until January 25, 2020 upon a motion from the defendant. Oct. 21, 2019 Minute Order.

On December 13, 2019, Judge Meriweather granted plaintiff's motion for leave to subpoena the Convention Center where the altercation took place.[1] Dec. 13, 2019 Minute Order. Plaintiff then moved to issue fifteen more subpoenas to third parties, and Local 22 moved for a protective order precluding the issuance of those subpoenas. ECF Nos. 48 & 49. Discovery closed on January 25, 2020. On August 28, 2020, plaintiff also moved to increase the number of depositions he was permitted to take during discovery. ECF No. 63.

---

[1] As a *pro se* plaintiff, Danzy requires leave of the court to issue a subpoena on his behalf. *See* ECF No. 68 at 12; *Henok v. Chase Home Finance, LLC*, No. 12-CV-336 (PFL), 2014 WL 12775309, at *4 (D.D.C. July 14, 2014).

On November 23, 2020, Judge Meriweather ruled on these three motions. ECF No. 69. Judge Meriweather granted plaintiff's motions in part: Judge Meriweather allowed plaintiff to subpoena six new witnesses for deposition (Sonneborn, Brasseaux, Clay, Anita Hartsock, Curryn Bennett, and Shelia Boykins), along with Verizon, AT&T, and Local 22's Benefits Office for documents. ECF Nos. 68 & 69. She also (1) denied plaintiff's request to subpoena Peter Shedleski because plaintiff failed to prove relevance, and (2) denied plaintiff's request to subpoena Ford's Theatre, Kennedy Center, and Wolf Trap for "Local 22's Personnel Data & Metrics," finding the requested records "duplicative at best." ECF No. 68 at 18, 20. Judge Meriweather accordingly reopened discovery for plaintiff to issue the additional authorized subpoenas. ECF No. 69.

During this reopened discovery period, Plaintiff moved again for leave to subpoena Sonneborn, Brasseaux, Clay, Hartsock, Bennett, and Boykins, and to subpoena Natalia Jordan for Local 22 documents. ECF No. 76. Plaintiff appears to have been confused over whether he had to amend his request for subpoenas after discovery was reopened. *See* ECF No. 96 at 3–4. Judge Meriweather ultimately denied these amended motions as moot and granted plaintiff "one more opportunity" to serve the subpoenas that he had already been given leave to serve. ECF No. 96. This Order set a deadline of June 30, 2021, for depositions and production of documents. ECF No. 96 at 5. Plaintiff objected to this Order two weeks later, stating that the authorized subpoenas were "stale." ECF No. 97.

Plaintiff also used the reopened discovery period to serve defendants with 73 *new* written discovery requests. ECF No. 82-1 at 3. Defendants moved for a protective order forbidding these requests. ECF No. 82. On September 16, 2021, Judge Meriweather granted a protective order, finding that plaintiff's new discovery requests were "beyond the scope" of the November 23, 2020 Order reopening discovery and refusing to reopen discovery again. ECF No. 105 at 7–9.

3

After Judge Meriweather granted the Protective Order, plaintiff filed two objections. First, he objected to the November 23, 2020 Order which denied plaintiff's request to subpoena Ford's Theatre, Kennedy Center, and Wolf Trap for "Local 22's Personnel Data & Metrics." ECF No. 68. Second, he objected to the September 16, 2021 Order granting the protective order denying 73 new discovery requests, ECF No. 105. *See* ECF Nos. 110 and 111 (plaintiff's objections).

Accordingly, this Court is reviewing three of Judge Meriweather's decisions: 1) the November 23, 2020 Order denying plaintiff's request for subpoenas duces tecum; (2) the May 10, 2021 Order denying plaintiff's motion to issue new subpoenas; and (3) the September 16, 2021 Order denying plaintiff leave to file additional discovery beyond the amended scheduling order. *See* ECF Nos. 97, 110, & 111 (plaintiff's objections). Defendants have opposed each of these objections. ECF Nos. 98, 112, & 114. Plaintiff replied to two of defendants' motions in opposition. ECF Nos. 102 & 115. He failed to timely reply to the third opposition motion, and his request for an extension, ECF No. 116, will be **DENIED**. These motions are now ripe for review.

## II. LEGAL STANDARD

If a magistrate judge's pretrial order is not dispositive of a party's claim or defense, a court can only modify or set aside any part of the order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The magistrate's decision is "entitled to great deference." *Beale v. District of Columbia*, 545 F. Supp. 2d 8, 13 (D.D.C. 2008) (quoting *Boca Investerings P'ship v. United States*, 31 F. Supp. 3d 9, 11 (D.D.C. 1998)). "In view of this standard, the court will affirm the magistrate judge's determination unless 'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Neuder v. Battelle Pac. Nw. Nat. Lab'y*, 194 F.R.D. 289, 292 (D.D.C. 2000) (quoting *United States v. United States Gypsum Co.*, 333 U.S.

364, 365 (1948)). Discovery is a non-dispositive matter, *Beale*, 545 F. Supp. 2d at 13, so a district court should review a magistrate's discovery decisions for clear error.[2]

## III. DISCUSSION

Because the plaintiff is *pro se*, the Court will construe each of plaintiff's motions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even after the Court does so, plaintiff has not shown that any of Judge Meriweather's orders are "clearly erroneous or contrary to law," as is required under Rule 72(a). The Court will address each of plaintiff's objections to the orders in turn.

   a. *The Magistrate's Denial Of Plaintiff's Request For Subpoenas Duces Tecum From The Three "Signatory Employers" Was Not Clearly Erroneous*

Plaintiff first objects to the November 23, 2020 Order denying his requests for subpoenas duces tecum from the "Signatory Employers," three nonparty event spaces that use Local 22 referrals (Ford's Theatre, Kennedy Center, and Wolf Trap). Plaintiff first argues that the Order "preclude[ed] Danzy from potential first-hand [evidence] by assuming [his] proposed subpoenas sought irrelevant, cumulative, or duplicative discovery without explicit knowledge" of what he was asking for. ECF No. 111 at 3. He takes issue with the fact that Judge Meriweather "did not inquire directly from Danzy" the exact data he sought from these three event spaces. *Id.* at 5.[3]

---

[2] The Court notes that plaintiff repeatedly argued in his motions that the review here should be de novo. For example, plaintiff argues that "despite the Magistrate's Order not originating from . . . [a] Rule 12(b)(6) or Rule 56 Motion, the overwhelming and net sum effect is dispositive in nature." ECF No. 115 at 2. But Judge Meriweather's orders here did not dispose of the case, and so the clearly erroneous standard applies.
[3] In this motion, plaintiff also discusses the denial of his request to subpoena Sheldesky, asking "Did the Magistrate Court abuse its authority by denying relevant and critical pretrial discovery from Pete Sheldesky without a vivid understanding of what information Sheldesky po[ssessed], opposed to assuming it was insignificant because he did not testify at Local 22 hearing?" ECF No. 111 at 3. But the plaintiff does not mention Sheldesky again and makes no argument (or event statement) that Judge Meriweather's decision was clearly erroneous or contrary to law. Accordingly, this Court finds that Judge Meriweather's order regarding Sheldesky's subpoena was not clearly erroneous.

As Judge Meriweather recognized, each of the three proposed subpoenas that Danzy requested explicitly asked for "IATSE Local 22 Personnel Data & Metrics" from the Signatory Employers' records systems. ECF No. 49-5 at 19; ECF No. 68 at 20. The subpoena request Judge Meriweather *did* grant for the Local 22 Benefits Office also requested the same data: "Local 22 Personnel Data & Metrics." ECF No. 49-5 at 18; ECF No. 68 at 20. It is unclear why these three nonparty Signatory Employers would possess Local 22 personnel data, but even if they did it would be duplicative to the data already subpoenaed from the Local 22 Benefits Office. ECF No. 68 at 20.

Judge Meriweather's decision was not clearly erroneous. In fact, even in his objection, plaintiff cannot explain *why* the Local 22 personnel records from the three Signatory Employers are not duplicative. Plaintiff merely states that he "had the right to elect which organizations he elected to seek and receive them from." ECF No. 111 at 3. This is true. But the Court may also limit discovery when it is "unreasonably cumulative or duplicative," Fed. R. Civ. P. 26(b)(2)(C)(i), like when a plaintiff attempts to subpoena the same IATSE personnel data from four different businesses, including IATSE Local 22.

Plaintiff also argues that "the self-evidence [sic] truth is Defendant IATSE Local 22 is attempting to conceal the discrimination lawsuit from the subpoenaed Signatory employers." ECF No. 111 at 4. This is not relevant, given that this is a public case with an open docket. Further, plaintiff spills significant ink arguing the relevance of the Local 22 personnel data evidence, which is inapposite here. ECF No. 111 at 6–7. Judge Meriweather never found that the evidence was irrelevant, only that it was needlessly duplicative. None of plaintiff's arguments persuade this Court that Judge Meriweather's decision was clearly erroneous or contrary to law.

b. *The Magistrate's Denial Of Plaintiff's Motion To Serve New Subpoenas As Moot Was Not Clearly Erroneous*

Next, plaintiff takes aim at Judge Meriweather's May 10, 2021 Order, ECF No. 96, which denied plaintiff's motion to file a second round of subpoenas as moot. ECF No. 97. As discussed above, Judge Meriweather granted plaintiff's request for several subpoenas in its November 23, 2020 Order. *See* ECF No. 69. But instead of coordinating with the Clerk's Office to serve each recipient with the authorized subpoenas, plaintiff filed a second round of motions to subpoena Sonneborn, Brasseaux, Clay, Jordan, Hartsock, Bennett, and Boykins (collectively the "Second Motions to Subpoena"). ECF No. 76.

At a status hearing, plaintiff instructed Judge Meriweather that this was a mistake and he did not intend for his Second Motions to Subpoena to "seek any new information." ECF No. 96 at 3. Instead, he represented that he thought he would have to refile the motions to serve the subpoenas. *Id.* Accordingly, Judge Meriweather dismissed these motions as moot and extended the amount of time plaintiff had to properly serve the previously authorized subpoenas. *Id.* at 4. Now, plaintiff disputes this Order, arguing that this use of "stale" subpoenas is not "procedurally correct" and that the Order "denies [plaintiff] the right to strategically conduct Discovery and depose witnesses in accordance to [his] case strategy." ECF No. 97 at 1, 5.

Frankly, the Court cannot tell what Danzy disputes about the May 10, 2021 Order. After plaintiff failed to properly serve the authorized subpoenas, Judge Meriweather, recognizing his *pro se* status, extended his deadline until May 31, 2021. ECF No. 96 at 6. She extended the time plaintiff had to complete depositions until June 30, 2021. *Id.* at 5. Plaintiff's assertion that the subpoenas granted in 2020 are "stale" has no basis in law, and plaintiff does not cite any. Nor does plaintiff cite any support for his alleged right to conduct discovery "in accordance with [his] case strategy" or based on his proposed timeline. ECF No. 97 at 5. Without any proffered legal or

7

factual support for his motion, the Court finds that Judge Meriweather's generous decision extending the time for plaintiff to serve these subpoenas and complete depositions was not clearly erroneous.

Plaintiff also uses this motion to raise other issues, like his dispute with Judge Meriweather's order to excuse defendants from in-person depositions during the pandemic, ECF No. 95, or his issues getting the Washington Convention Center's surveillance footage to play. *See* ECF No. 97 at 6, 7. As defendants point out, these arguments are unrelated to the orders that the plaintiff objects to and are not properly before the Court. ECF No. 98 at 3.

   c. *The Magistrate's Decision Denying Additional Discovery Was Not Clearly Erroneous*

In its November 23, 2020 Order, Judge Meriweather reopened discovery and extended the scheduling order so plaintiff could issue subpoenas to depose Sonneborn, Clay, Brasseaux, Jordan, Bennett, Boykins, and Hartsock, could subpoena Verizon, AT&T, and the Local 22 Benefits Office for documents, and could respond to a few outstanding defense discovery requests. ECF No. 69. Discovery was reopened for this purpose until February 26, 2021. *Id.* But during that period, plaintiff instead attempted to serve defendants with 73 new discovery requests. Defendants moved for a protective order barring these new requests, and Judge Meriweather granted the protective order. ECF No. 105. Plaintiff now objects to that Order. But the Court will not modify Judge Meriweather's order because it was not clearly erroneous or contrary to law.

In its November 23, 2020 Order, Judge Meriweather reopened discovery for extremely limited purposes. ECF No. 69. That Order listed "the outstanding tasks that remain to be completed during the period in which discovery is re-opened." *Id.* While plaintiff argues that his 73 discovery requests were "timely" and submitted during a "court sanctioned extended discovery period," ECF

No. 110 at 3, he does not grapple with the fact that the November 23, 2020 Order reopened discovery *solely* for the purposes discussed in the Order.

Federal Rule of Civil Procedure 26 states that discovery may be "limited by court order." Fed. R. Civ. P. 26(b)(1). If plaintiff's discovery request exceeded the November 23, 2020 Order reopening discovery, the "inquiry ends" because plaintiff "cannot conduct discovery that violates a court order." ECF No. 105 at 6. This Court agrees with Judge Meriweather's interpretation of the November 23, 2020 Order. Discovery was reopened for the completion of a few specific tasks, as detailed in the Order. Accordingly, Judge Meriweather's decision to grant a protective order barring plaintiff's additional requests was not clearly erroneous.[4]

## IV. CONCLUSION

For the reasons set forth above, plaintiff's three objections and motions to set aside to the magistrate judge's orders, ECF Nos. 97, 110 & 111, will be **DENIED** by separate order.

Date: November 19, 2021

Hon. Royce C. Lamberth
United States District Judge

---

[4] Plaintiff raises several additional arguments. He recites the standard for additional discovery when a party moves for summary judgment, which is irrelevant here—there is no summary judgment motion pending. See ECF No. 110 at 4. Plaintiff also appears to make an argument that defendants did not "timely object through the Court" to the discovery requests, *id.*, despite the fact that defendants filed a motion for a protective order within thirty days of the discovery requests, ECF No. 82. Finally, plaintiff again raises unrelated arguments: that, for example, Jordan's deposition was rescheduled, or that a member of defense counsel excused herself from a deposition to take a phone call. ECF No. 110 at 6. These arguments have no relevance to the September 16, 2021 Order, ECF No. 105, and plaintiff makes no argument about them; he merely provides a list of grievances. These matters are accordingly not properly before the Court, as defendants note. ECF No. 112 at 4.